# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| JONATHAN QUEZADA, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | 13-CV-3224 |
| ) | |
| NURSE CLARENSON, ) | |
|   Defendant. ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se from incarceration in Western Illinois Correctional Center, seeks leave to proceed in forma pauperis on claims arising from Nurse Clarenson's failure to properly treat Plaintiff's third degree burn.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff was working in the prison kitchen on April 9, 2013, on the 11 p.m. to 6 a.m. shift. While assisting another inmate worker with draining a large pot of grits, Plaintiff was severely burned on his left forehand, fingers, and wrists in an area 8 ½ inches long by 4 inches wide.

Plaintiff was immediately taken to healthcare for emergency treatment for third degree burns, where he encountered Nurse Clarenson. Nurse Clarenson allegedly recklessly washed the wound with too much pressure, scrubbing away Plaintiff's skin. Nurse Clarenson then applied an inadequate amount of burn ointment and sloppily dressed the burn, leaving parts of the burn exposed. Two Tylenols were prescribed, which were insufficient to relieve Plaintiff's pain, and Plaintiff was told to check back at 8:00 a.m.

Plaintiff suffered for 6 ½ hours in extreme pain, his swelling increasing, until he saw a different nurse on the next shift. Plaintiff's wound was then treated with sufficient ointment and a dressing was properly placed on the wound.

Plaintiff believes that Nurse Clarenson's deficient care caused his unnecessary, severe suffering and worsened Plaintiff's injury. Nurse Clarenson's actions were investigated by internal affairs. Plaintiff's attempts to grieve the problem were unsuccessful.

Accepting Plaintiff's allegations as true, Nurse Clarenson's actions were arguably such a substantial departure from accepted professional judgment that Plaintiff states a plausible claim against Clarenson for deliberate indifference to Plaintiff's medical needs in violation of Plaintiff's Eighth Amendment rights. Negligence is not deliberate indifference, and Plaintiff cannot pursue a negligence claim unless he attaches a physician's report finding some merit to the claim, which he has not done. 735 ILCS 5/2-622.

**IT IS THEREFORE ORDERED:**

1)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to his serious medical need for treatment of the burn he suffered on or around April 9, 2013. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the

Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

**2)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

3)  With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4)  Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer. The answer should include all defenses appropriate under the

Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

5)   Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

6)   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7)   This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 26, 2013, at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E.

Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendants pursuant to the Court's standard procedures.**

ENTERED: September 23, 2013

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                     SUE E. MYERSCOUGH
                             UNITED STATES DISTRICT JUDGE