E-FILED
Monday, 18 May, 2015  10:22:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JONATHAN QUEZADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3224 |
| | ) | |
| C LARENSON, | ) | |
| | ) | |
| Defendant. | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated at Sheridan Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation for deliberate indifference to a serious medical need for an injury that occurred at Western Illinois Correctional Center. The matter is before the Court for ruling on the Defendant's Motion for Summary Judgment (Doc. 28). For the reasons stated below, the motion is granted.

## FACTS

At all times relevant, Plaintiff was incarcerated at Western Illinois Correctional Center ("Western"). On April 9, 2013, Plaintiff

burnt his left hand after a hot pan of grits spilled onto it. The grits contained a lot of sugar, causing them to stick to the affected area on Plaintiff's hand. Plaintiff was immediately sent to the healthcare unit where he encountered Defendant Larenson, a nurse at Western. According to Defendant Larenson, she observed a minor burn with no blistering and affecting only the outer layers of Plaintiff's skin. Pursuant to protocol, Defendant Larenson cleaned the affected area during which Plaintiff's skin began to peel. After Plaintiff complained of pain, Defendant Larenson explained that all of the grits needed to be removed before she could apply ointment and bandages. Thereafter, Defendant Larenson applied ointment to and bandaged Plaintiff's hand. Plaintiff was scheduled for a follow-up appointment in the health care unit later that morning. After this initial treatment, Plaintiff did not speak with Defendant Larenson again. Ultimately, Plaintiff's hand healed with only slight discoloration to the affected area and without resulting loss of use of the hand.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## ANALYSIS

To implicate a violation of the Eighth Amendment for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral v. Sheehan,

245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted). In evaluating the seriousness of a medical condition, the court evaluates several factors: (1) whether failure to treat the condition would result in further significant injury or the unnecessary and wanton infliction of pain; (2) whether a reasonable doctor or patient would find the alleged injury worthy of comment or treatment; (3) the existence of a medical condition that significantly affects daily activities; and, (4) the existence of any chronic and substantial pain. Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff alleges that the burn he suffered constituted a serious medical need.  Defendant concedes that Plaintiff was burned but argues that the burn was not serious enough to implicate constitutional concerns.  Both parties agree that Plaintiff's supervisor sent Plaintiff to the healthcare unit immediately after the incident that caused the burn and Plaintiff received medical treatment shortly thereafter.  The medical records provided in Plaintiff's response indicate that Plaintiff suffered a second-degree burn that required follow-up care to, at a minimum, change the bandages and monitor for infection.  According to the medical records, it appears that some blistering apparently appeared in Plaintiff's wound after Defendant's initial assessment, and from that initial assessment, it appears Defendant apparently recognized the possibility of blistering at that time.  See Doc. 28-3 at 2 ("No blisters noted *initially*.") (emphasis added).  Given the initial determination by Plaintiff's supervisor that Plaintiff required immediate medical treatment and the possibility that failure to treat the condition could result in greater pain or other injury, a reasonable juror could conclude that Plaintiff suffered from a serious medical need.

Nonetheless, Plaintiff must still show that Defendant was deliberately indifferent. Defendant is a nurse at Western. "A medical professional is entitled to deference in treatment decisions unless 'no minimally competent professional would have so responded under those circumstances.'" Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting Collignon v. Milwaukee Cnty., 163 F.3d 982, 988 (7th Cir. 1998)). A medical professional is deliberately indifferent only if "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. (quoting same).

Neither party disputes that Defendant cleaned Plaintiff's wounds, applied ointment, and bandaged the affected area. This was done pursuant to Western's protocol for the type of wound Plaintiff suffered. See Doc. 28-3 at 1. Plaintiff's main contention appears to be that Defendant Larenson applied an unnecessary amount of force while cleaning the wound, applied the bandage in a manner that caused the bandage to "cut into" the affected area of Plaintiff's hand, and did not administer sufficient pain medication.

Assuming Plaintiff's contentions are true, a mere disagreement with the course of medical treatment does not give rise to a constitutional claim. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). The Constitution does not require a specific course of medical treatment, nor does it require that an inmate receiving such treatment to remain pain-free. Id. In Plaintiff's case, a reasonable juror would be hard-pressed to say that cleaning a wound, applying ointment and bandages to prevent infection, and then administering pain medication was a substantial departure from the treatment that Plaintiff would have received from any professional medical provider. At least some pain could be expected from the nature of the injury, and Plaintiff admitted in his deposition that there was no other way to remove the grits from his wound. See Pl. Dep. 68:13-22. Moreover, any concerns about a worsening condition were alleviated by Defendant Larenson's scheduling of a follow-up appointment later that morning. Thus, on these facts, a reasonable juror could not conclude that Defendant Larenson was deliberately indifferent.

**IT IS THEREFORE ORDERED:**

1) Defendant's Motion for Summary Judgment is GRANTED [28]. The clerk of the court is directed to enter judgment in favor of Defendant and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs. Plaintiff remains responsible for the $350.00 filing fee.

2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 18th day of May, 2015.

                     *s/Sue E. Myerscough*
                  SUE E. MYERSCOUGH
        UNITED STATES DISTRICT JUDGE